IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RICHARD ALEXANDER MURDAUGH,<br><br>Plaintiff,<br><br>vs.<br><br>D. SHANE KITCHENS, CJM<br>In his official capacity as Interim Director<br>Alvin S. Glenn Detention Center, Richland<br>County Government,<br><br>Defendant. | C/A No.:_____<br><br><br>**COMPLAINT<br>FOR<br>INJUNCTIVE RELIEF** |

## INTRODUCTION

Plaintiff Richard Alexander Murdaugh (Murdaugh) is being held at the Alvin S. Glenn Detention Center (ASGDCDC), unable to post a $7 million bond on South Carolina state court charges alleging financial crimes. His criminal case has attracted intense media attention, from national, regional, and local news organizations, as well as from podcasters and bloggers on social media sites.

Defendant is the Interim Director of ASGDC. ASGDC contracts with a communication company to routinely record outgoing calls placed by inmates to their family members, friends, and others. The federal wiretapping statute prohibits the interception and recording of telephone calls except under very limited circumstances. However, even where the interception and recording of telephone communications is permitted, Title III strictly limits the disclosure of these communications. *See* 18 U.S.C § 2517. Importantly, Title III prohibits the disclosure of recorded telephone communications of inmates to the public in response to a records request. *Lam Lek Chong v. United States Drug Enf't Admin.*, 929 F.2d 729, 735-36 (D.C. Cir. 1991).

1

In January 2022, an electronic media organization submitted a request under the South Carolina Freedom of Information Act (FOIA) for recordings of Plaintiff's outgoing telephone calls from ASGDC. Defendant, or persons acting on his behalf, provided copies of Plaintiff's intercepted telephone communications with family members pursuant to the FOIA request. On February 22, 2022, portions of Plaintiff's intercepted calls were posted on Twitter, as a promotion for a podcast titled "Incoming Call from Alex Murdaugh, The Jailhouse Tapes." The following day, on February 23, 2022, the podcast publicly released approximately one hour of intercepted private telephone communications between Plaintiff and members of his immediate family. These conversations were made available to paid subscribers on the electronic media organization's website. Subsequently, other news organizations have submitted similar FOIA requests for copies of Plaintiff's intercepted telephone communications.

Plaintiff files this action to enjoin Defendant from making additional disclosures of his intercepted communications in violation of Title III and to prevent further exploitation of his private conversations for commercial gain.

## FACTUAL ALLEGATIONS

Plaintiff, Richard Alexander Murdaugh, complaining of the above-named Defendant, alleges:

1. Murdaugh is a citizen and resident of the State of South Carolina.

2. Murdaugh is a pre-trial detainee at ASGDC. He has been indicted by the South Carolina State Grand Jury on multiple indictments alleging financial crimes.

3. Defendant Shane D. Kitchens, is the Interim Director of ASGDC. He is being sued in his official capacity for injunctive relief.

## TITLE III AND MONITORING OF INMATE CALLS

4. Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (Title III), codified at Title 18 United States Code, Section 2510 et. seq. forbids the willful interception of wire communications, including telephone conversations, without prior judicial authorization except in very limited circumstances.

5. Courts have uniformly held that Title III applies to prison monitoring of inmate calls. *United States v. Amen*, 831 F.2d 373, 378 (2d Cir. 1987).

6. Courts have allowed prisons and jails to engage in routine monitoring of inmate calls relying on two Title III exceptions. Section 2510(5)(a)(ii), read in context, permits interception of inmate telephone conversations by, "an investigative or law enforcement officer in the ordinary course of his duties," and § 2511(2)(c) allows interception where, "one of the parties to the communication has given prior consent to such interception." *United States v. Cheely*, 814 F. Supp. 1430, 1440–41 (D. Ak. 1992), *aff'd*, 21 F.3d 914 (9th Cir. 1994), *opinion amended and superseded*, 36 F.3d 1439 (9th Cir. 1994), *and aff'd*, 36 F.3d 1439 (9th Cir. 1994)

7. ASGDC contracts with a third-party communication provider to process outgoing collect phone calls from inmates. This third-party communication provider creates and stores call detail records (CDRs) for each call and call recordings on a data center which is accessible to ASGDC, upon request.

8. Due to understaffing, ASGDC does not have any correctional officers who review and/or monitor inmate telephone calls in the ordinary course of their duties.

9. Because the correctional officers at ASGDC do not record, monitor, or review inmate calls in the ordinary course of their duties, the Title III exception under Section 2510 (5)(a)(ii) is not applicable.

10. Upon information and belief, ASGDC relies upon the consent exception under Title III, Section 2511(2)(c) to record and monitor inmate telephone calls.

11. Upon entry into ASGDC, an inmate is provided with eighteen (18) pages of rules and on page six (6) the inmate is informed "All calls from the housing modules are collect calls and subject to recording and monitoring." Exhibit 1.

12. However, the inmate is not informed that recordings of these calls will be provided to the public.

13. In enacting Title III, Congress sought to regulate comprehensively both the use of electronic surveillance as an investigative tool and the disclosure of materials obtained through such surveillance. *Gelbard v. United States*, 408 U.S. 41, 46, 92 S.Ct. 2357, 2360, 33 L.Ed.2d 179 (1972).

14. Title III safeguards privacy in the first instance by significantly restricting the initiation of electronic surveillance. *Lam Lek Chong*, 929 F.2d at 732–33..

15. Congressional sensitivity to privacy rights is perhaps most evidently reflected in Title III's strictly limited disclosure provisions. *Id.* at 732.

16. Apart from two instances in which judges authorizing interception may, at their discretion, release intercepted material to parties overheard, 18 U.S.C. § 2518(8)(d), (10)(a), use and disclosure is governed by Section 2517 of the statute.

17. Section 2517 permits disclosure of intercepted communications in three circumstances only:

> (1) Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire, oral, or electronic communication ... may disclose such contents to another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

4

> (2) Any investigative or law enforcement officer ... may use such contents to the extent such use is appropriate to the proper performance of his official duties.
>
> (3) Any person who has received, by any means authorized by this chapter, any information concerning a wire, oral, or electronic communication ... may disclose the contents ... while giving testimony under oath....

18 U.S.C. § 2517(1)–(3)

18. Title III does not permit disclosure of intercepted communications in response to a FOIA request. *Lam Lek Chong*, 929 F.2d at 732.

19. Title III explicitly authorizes the recovery of civil damages by persons whose communications are disclosed in violation of the statute. 18 U.S.C. § 2520 (1988).

*20.* Taken together, these provisions represent a comprehensive statutory scheme dedicated to preserving personal privacy by sharply limiting the circumstances under which surveillance may be undertaken and its fruits disclosed. *Lam Lek Chong*, 929 F.2d at 723.

**DISCLOSURE OF PLAINTIFF'S RECORDED TELEPHONE CALLS
IN VIOLATION OF TITLE III**

21. In January 2022, an electronic media organization submitted a FOIA request for recordings of Plaintiff's outgoing telephone calls from ASGDC.

22. The Defendant, or persons acting on his behalf, provided copies of Plaintiff's intercepted telephone communications in response to the FOIA request.

23. On February 22, 2022, portions of Plaintiff's intercepted communications were posted on Twitter, as a promotion for a podcast titled "Incoming Call from Alex Murdaugh, The Jailhouse Tapes."

24. The following day, on February 23, 2022, the podcast publicly released approximately one hour of intercepted telephone conversations between Plaintiff and his son, Plaintiff and each of his brothers, and a sister, as well as a conversation between Plaintiff and his

son's girlfriend and his sister-in-law. Portions of these calls were also posted on the media organization's website and made available to paid subscribers.

25. On February 23, 2022, counsel for Plaintiff sent the Defendant a letter demanding that the Defendant cease and desist from disclosing any additional telephone recordings of Plaintiff to the media.

26. Also, on February 23, 2020, counsel for Plaintiff telephoned the Richland County Attorney and left a voicemail complaining of these unlawful disclosures and requested an immediate return call.

27. Counsel for Plaintiff has not received any response to the correspondence or voicemail demanding that Plaintiff's intercepted communications not be released to the media or anyone else in response to a FOIA request.

28. Subsequently, other news organizations have submitted similar FOIA requests for copies of Plaintiff's intercepted telephone calls.

## RELIEF REQUESTED

29. The disclosure of Plaintiff's intercepted communications in response to the FOIA request and the subsequent use by the outlet of the recordings for commercial purposes violates Title III. *See* 18 U.S.C. §2520 (a),(g).

30. Plaintiff seeks preliminary and permanent injunctive relief, as provided in 18 U.S.C. § 2020(b) preventing Defendant, and anyone acting on his behalf or in concert with Defendant, from disclosing to anyone the intercepted telephone communications between Plaintiff and others in response to a records request or for any other purpose except as expressly permitted in Section 2517(1)-(3) of Title III.

31.  Plaintiff further requests expedited discovery to determine the extent of t Defendant's prior disclosures of Plaintiff's recorded telephone conversations.

32.  Plaintiff seeks an award of attorneys' fees and costs of this action and for such other and further relief as the Court deems just and proper.

Respectfully Submitted.

s/ Richard A. Harpootlian
Richard A. Harpootlian, Fed. ID No. 1730
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, South Carolina 29202
(803) 252-4848
Facsimile (803) 252-4810
rah@harpootlianlaw.com

James M. Griffin, Esq., Fed. ID No. 1053
Margaret N. Fox, Esq., Fed. ID No. 10576
Griffin Davis, LLC
4408 Forest Dr., Suite 300 (29206)
P.O. Box 999 (29202)
Columbia, South Carolina
(803) 744-0800
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

Attorneys for Richard Alexander Murdaugh

Columbia, South Carolina
February 28, 2022

7