# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| Richard Alexander Murdaugh, | ) | Civil Action No.: 8:22-cv-00608-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| D. Shane Kitchens, CJM in his official | ) | |
| capacity as Interim Director Alvin S. Glenn | ) | |
| Detention Center, Richland County | ) | |
| Government, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Richard Alexander Murdaugh filed this action against Defendant D. Shane Kitchens, CJM, in his official capacity as Interim Director of the Alvin S. Glenn Detention Center ("ASGDC"), seeking injunctive relief to prevent disclosure of Plaintiff's telephonic communications while a pretrial detainee at the ASGDC. (*See* ECF No. 1.) Plaintiff has filed a Motion for Preliminary Injunction, which is currently pending before the court. (*See* ECF No. 7.)

This matter is before the court to address issues relevant to the case assignment of this matter within the context of the Code of Conduct that is applicable to United States Judges. The court observes that Canon 2 of the Code of Conduct requires a judge to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." *Code of Conduct for United States Judges*, https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#c (last visited Mar. 8, 2022). Moreover, Canon 2's commentary states that "[a]n appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired." *Id.*

The court observes that after this case was assigned to the undersigned on March 7, 2022,

1

the court became aware of allegations of impropriety made by non-judicial, non-legal sources. Although there has not been an official filing regarding this information, the court is persuaded that it needs to convey to the parties what it views are the circumstances potentially relevant to a Canon 2 inquiry for this matter. Therefore, the court informs the parties that the undersigned was employed by Nexsen Pruet Jacobs & Pollard, LLP from 1991 to 2000, and has never knowingly utilized services provided by NP Strategy, LLC.[1] Moreover, a current law clerk was employed in the office of Plaintiff's counsel, Richard A. Harpootlian P.A., before starting her judicial clerkship.

Upon its consideration of the aforementioned, the court will entertain any motion for recusal filed on or before Friday, March 11, 2022.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

March 8, 2022
Columbia, South Carolina

---

[1] The court further observes that the effective date for the company NP Strategy, LLC, was January 23, 2013. *See* S.C. Sec'y of State, https://businessfilings.sc.gov/BusinessFiling/Entity/Profile/14881f36-daf4-42f3-9f0e-b9921cfd8dbe (last visited Mar. 8, 2022). Upon information and belief, NP Strategy is a wholly-owned subsidiary of Nexsen Pruet. *Nexsen Pruet*, https://www.nexsenpruet.com/capabilities-Communications-Strategic-and-Crisis-Communications (last visited Mar. 8, 2022).