# EXHIBIT 1

Subpoena *Duces Tecum* to AmTel



**JAIME HARMON**

4408 Forest Drive, Suite 300 / PO Box 999 (29202)
Columbia, SC 29206

jharmon@griffindavislaw.com
803 744 0800 o  | 803 744 0805 f

March 30, 2022

**VIA FEDERAL EXPRESS**
AmTel
913 Dilworth Street
St. Marys, Georgia 31558

> Re:    **Richard Alexander Murdaugh v. D. Shane Kitchens, et al.**
> **Case No.: 8:22-cv-00608-JMC-JDA**

To Whom It May Concern:

Please find enclosed a Subpoena Dues Tecum in the above-referenced matter. Please provide the requested documents by April 15, 2022.

If you have any questions, please do not hesitate to contact this office.

With best regards, I am,

Very truly yours,

Jaime Harmon
Assistant to James M. Griffin

/jh
Enclosures

cc:    Richard A. Harpootlian (Via Electronic Mail)
       Andrew F. Lindemann (Via Electronic Mail)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of South Carolina ▾

| | |
|---|---|
| RICHARD ALEXANDER MURDAUGH | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 8:22-cv-00608-JMC-JDA |
| | ) |
| D. SHANE KITCHENS, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               AmTel, 913 Dilworth Street, St. Marys, GA 31558

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Attachment.

| Place: Griffin Davis LLC | Date and Time: |
|---|---|
| 4408 Forest Drive, Suite 300, Columbia, SC 29206 | 04/15/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/30/2022

*CLERK OF COURT*

                                      OR

      *Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Richard Murdaugh , who issues or requests this subpoena, are:

James M. Griffin, 4408 Forest Drive, Sutie 300, Columbia, South Carolina; jgriffin@griffindavislaw.com; 803-744-0800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:22-cv-00608-JMC-JDA

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: Via Federal Express to

AmTel, 913 Dilworth Street, St. Marys, GA 31558

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    03/30/2022

_____
*Server's signature*

Jaime Harmon, Legal Assistant
_____
*Printed name and title*

Griffin Davis LLC
4408 Forest Drive, Suite 300
Columbia, SC 29206
_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees— on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court— may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment

## INSTRUCTIONS

A.     Every request herein shall be deemed a continuing request, and you are to supplement your answers promptly, if and when you obtain relevant information in addition to, or in any way inconsistent with, your initial answer to any such request, in accordance with the Federal Rules of Civil Procedure.

B.     Each document produced shall be specifically labeled or identified with the specific request made herein to which it is responsive, and shall be produced in a form which renders the document susceptible to copying.  Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

C.     Should privilege be claimed with regard to any information requested herein, the answer must in each instance state:

   i.    The date of the document;
   ii.   Its author;
   iii.  The person receiving the document;
   iv.   All persons to whom such information has been disclosed;
   v.    The nature of the document (i.e., letter, memorandum, etc.);
   vi.   The number of pages of such document and any attachment thereto; and
   vii.  The specific privilege claimed or other reason the document is asserted to be non-discoverable.

D.     Should you be unable for reasons other than privilege to provide any information requested herein, the answer must in each such instance indicate specifically the information sought, the reason such information is presently unavailable, persons with access to or in control of the information, and if applicable, an estimate of the time within which such information will be presented to the undersigned.

E.     If you object to a request on the ground that it is too broad (i.e., that it calls for information which is relevant to the subject matter of the action and information which is not), provide such information which is concededly relevant.  If you object to a request on the ground

Page 1 of 7

that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden. For those portions of any request to which you object to or otherwise decline to answer, state the reason for such objection or declination.

F.      To ensure efficient processing, production and review of all electronically stored information (ESI), the same should be produced in both native form and as single-paged tagged image file format (i.e., .tiff or .tif) files with an assigned bates number. A placeholder should be assigned for files provided in native format only, providing the bates number, filename and file path of the document on the placeholder. A separate document-level text file (i.e. .txt) file should be provided for each document produced. Standard load files including .DAT, .LFP or .OPT should be provided. The .DAT file should include standard metadata fields for documents, but must include: begdoc, enddoc, begatt, endatt, parentid, attchids, author, to, from, cc, bcc, date and time specific fields for both e-mail and other document types, custodian, subject, application, MD5 hash, file name, doc link, folder and page-count. It is imperative that parent-child relationships for e-mail and their attachments is maintained and provided. If you have any further questions about this instruction, please contact the undersigned counsel.

## DEFINITIONS:

- The terms "all" and "each" should be construed as "all and each." The word "all" means "any and all," and the word "any" means "any and all." The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The term "including" means "including but not limited to." The use of the singular form of any

word includes the plural and vice versa. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

■ "Alvin S. Glenn Detention Center" shall refer to the facility overseen by Defendant, and includes its staff, officers, and persons acting on its behalf, and located at 201 John Mark Dial Drive in Richland County, South Carolina that provides detention facilities for unsentenced detainees, as well as sentenced inmates, and is presently where Plaintiff is being held.

■ "Between" shall encompass persons carbon-copied or blind-copied on any document or communication as defined herein.

■ "Communications" refers to any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made or attempted to be made, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, electronic messages (including electronic-mail, text messages, instant messages, electronic bulletin board or Internet site posting), transcriptions of voice messages, memoranda, and notes, and other understandings between two or more Persons. The term "communications" specifically includes, but is not limited to, any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, facsimile or telex.

■ "Complaint" shall refer to the Complaint filed in *Murdaugh v. Kitchens*, C.A. No. 8:22-cv-000608 (D.S.C. Feb. 28. 2022) [ECF No.1], attached hereto as **Exhibit A**, and any subsequent amendments thereto.

■ "Concerning" means referring to, describing, evidencing, or constituting and includes any documents relating to, regarding, substantiating, purporting, embodying, establishing, identifying, listing, comprising, connected with, memorializing, recording,

commenting upon, responding to, with respect to, showing, describing, analyzing, reflecting, representing, supporting, contradicting, or explaining, whether in whole or in part, a particular subject matter. Requests seeking all documents "concerning" any subject matter include communications concerning that subject matter.

- "Defendant" as used herein shall refer to Shane D. Kitchens, in his official capacity as Interim Director of Alvin S. Glenn Detention Center, Richland County Government.

- "Documents" means documents whether fixed in tangible medium or electronically stored on disk or tape. The word "documents" shall include, by way of example and not by way of limitation, all of the following: papers, correspondence, trade letters, envelopes, memoranda, telegrams, cables, notes, messages, electronic-mails ("e-mails"), text messages, instant electronic messages, reports, studies, press releases, comparison, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, corporate minutes, orders, resolutions, agendas, memorials or notes of oral communications, whether by telephone or face-to-face, contracts, agreements, drafts of or proposed contracts or agreements, memoranda of understanding, letters of intent, deal memoranda, transcriptions of audio or video recordings, computer tapes, computer diskettes or disks, or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of communication or information is recorded or reproduced, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not, contracts, time sheets, time cards, time records, cash register/computer records, payroll records, payroll

Page 4 of 7

summaries, server tip sheets, server checkouts, and checkout reports. This term also includes *electronically stored information.*

- "Electronically Stored Information" or "ESI" means all potentially discoverable electronically stored information and refers to your ESI that contains or potentially contains information relating to facts at issue in this litigation. ESI includes, but is not limited to, all electronically stored documents and "electronically stored information" as that term is used in Federal Rules of Civil Procedure. ESI further includes, without limitation, the following:

  - information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.);

  - files, information, or data saved on backup tapes or hard drives;

  - internal or external web sites;

  - output resulting from the use of any software program, including without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, BlackBerry Messenger, AOL Instant Messenger (or similar programs or files), smartphone applications, bulletin board programs, operating systems, source code of all types, Outlook Profile Files or PRF files, Palm Resource Code or PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

  - activity listings of electronic mail receipts and/or transmittals; and

  - any and all items stored on computer memories, hard disks, floppy disks, CDROM, magnetic tape, microfiche, DVDs, CDs, external hard drives, flash drives, memory cards or on any other media for digital data storage or transmittal, such as, but not limited to, personal digital assistants (e.g., Palm Pilots), hand-held wireless devices (e.g., BlackBerrys, iPhones), cell phones, iPods, or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

- "Facts" means all circumstances, events and evidence pertaining to or touching upon the item in question.

- ■    "Inmate" as used herein shall refer to an individual previously or currently detained at the Alvin S. Glenn Detention Center;

- ■    "Person" or "Third Party" includes, but is not limited to, natural persons, partnerships, consortiums, joint ventures, and every other form of legally recognized entity, including corporations.

- ■    "Plaintiff" shall refer to Richard Alexander Murdaugh.

- ■    The term "relating to," "with respect to," and "refer to" shall mean embodying, containing, comprising, indicating, concerning, referring, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to.

- ■    "Richland County" as used herein shall refer to the county within Columbia, South Carolina in which the Alvin S. Glenn Detention Center is located, and any and all agents acting on its behalf;

- ■    "You" and "Your" shall refer to AmTel, and its affiliates, subsidiaries, and any person or entity acting on its behalf.

## REQUESTS

1.    All agreements or contracts between You and Richland County to provide inmate telecommunication services, including telephone calls and the recording of the same, effective from January 1, 2021 to the present.

2.    All agreements or contracts between You and any third party, including Customer Service of America, in which You subcontract out all or a portion of the services You agreed to provide to Richland County and/or ASG pursuant to an agreement or contract produced in response to Request No. 1.

3.    All policies, procedures, or guidelines regarding the recording of inmate telephone calls at the Alvin S. Glenn Detention Center from January 1, 2021 to the present.

All policies, procedures, guidelines, and other documents setting forth how an individual or agency requests access to the inmate telephone call recordings; the manner or process for granting such access; and whether such access is limited or unrestricted.

4.      All documents, records, and logs identifying any individual or agency who accessed any recording of any inmate's telephone call at the Alvin S. Glenn Detention Center from January 1, 2021 to the present.

5.      All documents, records, or logs identifying any individual or agency who accessed any recording of Richard Alexander Murdaugh's telephone calls at the Alvin S. Glenn Detention.

6.      All documents, records, or logs identifying each time an officer, employee, or person on behalf of the Alvin S. Glenn Detention Center accessed a recording of an inmate's telephone call since January 1, 2021.

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RICHARD ALEXANDER MURDAUGH, <br><br> Plaintiff, <br><br> vs. <br><br> D. SHANE KITCHENS, CJM <br> In his official capacity as Interim Director <br> Alvin S. Glenn Detention Center, Richland <br> County Government, <br><br> Defendant. | C/A No.: _____ <br><br><br> **COMPLAINT** <br> **FOR** <br> **INJUNCTIVE RELIEF** |

## INTRODUCTION

Plaintiff Richard Alexander Murdaugh (Murdaugh) is being held at the Alvin S. Glenn Detention Center (ASGDCDC), unable to post a $7 million bond on South Carolina state court charges alleging financial crimes. His criminal case has attracted intense media attention, from national, regional, and local news organizations, as well as from podcasters and bloggers on social media sites.

Defendant is the Interim Director of ASGDC. ASGDC contracts with a communication company to routinely record outgoing calls placed by inmates to their family members, friends, and others. The federal wiretapping statute prohibits the interception and recording of telephone calls except under very limited circumstances. However, even where the interception and recording of telephone communications is permitted, Title III strictly limits the disclosure of these communications. *See* 18 U.S.C § 2517. Importantly, Title III prohibits the disclosure of recorded telephone communications of inmates to the public in response to a records request. *Lam Lek Chong v. United States Drug Enf't Admin.*, 929 F.2d 729, 735-36 (D.C. Cir. 1991).

1

In January 2022, an electronic media organization submitted a request under the South Carolina Freedom of Information Act (FOIA) for recordings of Plaintiff's outgoing telephone calls from ASGDC. Defendant, or persons acting on his behalf, provided copies of Plaintiff's intercepted telephone communications with family members pursuant to the FOIA request. On February 22, 2022, portions of Plaintiff's intercepted calls were posted on Twitter, as a promotion for a podcast titled "Incoming Call from Alex Murdaugh, The Jailhouse Tapes." The following day, on February 23, 2022, the podcast publicly released approximately one hour of intercepted private telephone communications between Plaintiff and members of his immediate family. These conversations were made available to paid subscribers on the electronic media organization's website. Subsequently, other news organizations have submitted similar FOIA requests for copies of Plaintiff's intercepted telephone communications.

Plaintiff files this action to enjoin Defendant from making additional disclosures of his intercepted communications in violation of Title III and to prevent further exploitation of his private conversations for commercial gain.

## FACTUAL ALLEGATIONS

Plaintiff, Richard Alexander Murdaugh, complaining of the above-named Defendant, alleges:

1. Murdaugh is a citizen and resident of the State of South Carolina.

2. Murdaugh is a pre-trial detainee at ASGDC. He has been indicted by the South Carolina State Grand Jury on multiple indictments alleging financial crimes.

3. Defendant Shane D. Kitchens, is the Interim Director of ASGDC. He is being sued in his official capacity for injunctive relief.

2

## TITLE III AND MONITORING OF INMATE CALLS

4.     Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (Title III), codified at Title 18 United States Code, Section 2510 et. seq. forbids the willful interception of wire communications, including telephone conversations, without prior judicial authorization except in very limited circumstances.

5.     Courts have uniformly held that Title III applies to prison monitoring of inmate calls. *United States v. Amen*, 831 F.2d 373, 378 (2d Cir. 1987).

6.     Courts have allowed prisons and jails to engage in routine monitoring of inmate calls relying on two Title III exceptions. Section 2510(5)(a)(ii), read in context, permits interception of inmate telephone conversations by, "an investigative or law enforcement officer in the ordinary course of his duties," and § 2511(2)(c) allows interception where, "one of the parties to the communication has given prior consent to such interception." *United States v. Cheely*, 814 F. Supp. 1430, 1440–41 (D. Ak. 1992), *aff'd*, 21 F.3d 914 (9th Cir. 1994), *opinion amended and superseded*, 36 F.3d 1439 (9th Cir. 1994), *and aff'd*, 36 F.3d 1439 (9th Cir. 1994)

7.     ASGDC contracts with a third-party communication provider to process outgoing collect phone calls from inmates. This third-party communication provider creates and stores call detail records (CDRs) for each call and call recordings on a data center which is accessible to ASGDC, upon request.

8.     Due to understaffing, ASGDC does not have any correctional officers who review and/or monitor inmate telephone calls in the ordinary course of their duties.

9.     Because the correctional officers at ASGDC do not record, monitor, or review inmate calls in the ordinary course of their duties, the Title III exception under Section 2510 (5)(a)(ii) is not applicable.

3

10. Upon information and belief, ASGDC relies upon the consent exception under Title III, Section 2511(2)(c) to record and monitor inmate telephone calls.

11. Upon entry into ASGDC, an inmate is provided with eighteen (18) pages of rules and on page six (6) the inmate is informed "All calls from the housing modules are collect calls and subject to recording and monitoring." Exhibit 1.

12. However, the inmate is not informed that recordings of these calls will be provided to the public.

13. In enacting Title III, Congress sought to regulate comprehensively both the use of electronic surveillance as an investigative tool and the disclosure of materials obtained through such surveillance. *Gelbard v. United States*, 408 U.S. 41, 46, 92 S.Ct. 2357, 2360, 33 L.Ed.2d 179 (1972).

14. Title III safeguards privacy in the first instance by significantly restricting the initiation of electronic surveillance. *Lam Lek Chong*, 929 F.2d at 732–33..

15. Congressional sensitivity to privacy rights is perhaps most evidently reflected in Title III's strictly limited disclosure provisions. *Id.* at 732.

16. Apart from two instances in which judges authorizing interception may, at their discretion, release intercepted material to parties overheard, 18 U.S.C. § 2518(8)(d), (10)(a), use and disclosure is governed by Section 2517 of the statute.

17. Section 2517 permits disclosure of intercepted communications in three circumstances only:

> (1) Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire, oral, or electronic communication ... may disclose such contents to another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

4

(2) Any investigative or law enforcement officer ... may use such contents to the extent such use is appropriate to the proper performance of his official duties.

(3) Any person who has received, by any means authorized by this chapter, any information concerning a wire, oral, or electronic communication ... may disclose the contents ... while giving testimony under oath....

18 U.S.C. § 2517(1)–(3)

18.     Title III does not permit disclosure of intercepted communications in response to a FOIA request. *Lam Lek Chong*, 929 F.2d at 732.

19.     Title III explicitly authorizes the recovery of civil damages by persons whose communications are disclosed in violation of the statute. 18 U.S.C. § 2520 (1988).

20.     Taken together, these provisions represent a comprehensive statutory scheme dedicated to preserving personal privacy by sharply limiting the circumstances under which surveillance may be undertaken and its fruits disclosed. *Lam Lek Chong*, 929 F.2d at 723.

## DISCLOSURE OF PLAINTIFF'S RECORDED TELEPHONE CALLS IN VIOLATION OF TITLE III

21.     In January 2022, an electronic media organization submitted a FOIA request for recordings of Plaintiff's outgoing telephone calls from ASGDC.

22.     The Defendant, or persons acting on his behalf, provided copies of Plaintiff's intercepted telephone communications in response to the FOIA request.

23.     On February 22, 2022, portions of Plaintiff's intercepted communications were posted on Twitter, as a promotion for a podcast titled "Incoming Call from Alex Murdaugh, The Jailhouse Tapes."

24.     The following day, on February 23, 2022, the podcast publicly released approximately one hour of intercepted telephone conversations between Plaintiff and his son, Plaintiff and each of his brothers, and a sister, as well as a conversation between Plaintiff and his

5

son's girlfriend and his sister-in-law. Portions of these calls were also posted on the media organization's website and made available to paid subscribers.

25.    On February 23, 2022, counsel for Plaintiff sent the Defendant a letter demanding that the Defendant cease and desist from disclosing any additional telephone recordings of Plaintiff to the media.

26.    Also, on February 23, 2020, counsel for Plaintiff telephoned the Richland County Attorney and left a voicemail complaining of these unlawful disclosures and requested an immediate return call.

27.    Counsel for Plaintiff has not received any response to the correspondence or voicemail demanding that Plaintiff's intercepted communications not be released to the media or anyone else in response to a FOIA request.

28.    Subsequently, other news organizations have submitted similar FOIA requests for copies of Plaintiff's intercepted telephone calls.

## RELIEF REQUESTED

29.    The disclosure of Plaintiff's intercepted communications in response to the FOIA request and the subsequent use by the outlet of the recordings for commercial purposes violates Title III. *See* 18 U.S.C. §2520 (a),(g).

30.    Plaintiff seeks preliminary and permanent injunctive relief, as provided in 18 U.S.C. § 2020(b) preventing Defendant, and anyone acting on his behalf or in concert with Defendant, from disclosing to anyone the intercepted telephone communications between Plaintiff and others in response to a records request or for any other purpose except as expressly permitted in Section 2517(1)-(3) of Title III.

6

31.    Plaintiff further requests expedited discovery to determine the extent of t

Defendant's prior disclosures of Plaintiff's recorded telephone conversations.

32.    Plaintiff seeks an award of attorneys' fees and costs of this action and for such other

and further relief as the Court deems just and proper.

Respectfully Submitted.


s/ Richard A. Harpootlian
Richard A. Harpootlian, Fed. ID No. 1730
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, South Carolina 29202
(803) 252-4848
Facsimile (803) 252-4810
rah@harpootlianlaw.com


James M. Griffin, Esq., Fed. ID No. 1053
Margaret N. Fox, Esq., Fed. ID No. 10576
Griffin Davis, LLC
4408 Forest Dr., Suite 300 (29206)
P.O. Box 999 (29202)
Columbia, South Carolina
(803) 744-0800
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

Attorneys for Richard Alexander Murdaugh

Columbia, South Carolina
February 28, 2022