IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Richard Alexander Murdaugh, | Civil Action No. 3:22-cv-608-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Marie Assa'ad-Faltas, | |
| Movant, | |
| vs. | |
| Washava Moye, In her official capacity as Interim Director Alvin S. Glenn Detention Center, Richland County Government, | |
| Defendant. | |

This matter is before the court on Dr. Marie Assa'ad-Faltas' second *pro se* motion to intervene in the above-captioned action. ECF No. 62. She contends she will be required to report to Alvin S. Glenn Detention Center ("ASG") on June 27, 2022, and plans to make phone calls to her family that may discuss private medical information. *Id.* at 1. She is concerned she is now in "imminent" risk that her calls will be monitored, which she argues would violate the South Carolina Freedom of Information Act ("FOIA") and privacy law. She asserts the court erred in its Order denying a preliminary injunction to Plaintiff Murdaugh as there is no other choice but to consent to monitoring of calls "because there is no other communication with the outside world; and talking to family is a mental and physical health need." *Id.*

The case in which she seeks to intervene is a challenge by Murdaugh, a current detainee at ASG, seeking a preliminary injunction directing ASG to cease releasing tapes of his calls made to family members to press organizations pursuant to the South Carolina Freedom of Information Act.

Murdaugh's sole claim is that recording, monitoring, and releasing his calls is a violation of the federal wiretapping statute, 18 U.S.C. § 2510 *et. seq.* The court denied Murdaugh's motion for preliminary injunction because he consented to the recording and monitoring of his calls after notice, and the Wiretap Act does not bar such recording, monitoring and/or disclosure. ECF No. 61. No other claim, including a state law FOIA claim, has been alleged by Murdaugh.

Dr. Assa'ad-Faltas does not meet the standard for intervention set forth in Federal Rule of Civil Procedure 24. This is not a case where she must be permitted to intervene as a matter of right; therefore, the court has discretion to allow permissive intervention if she "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Dr. Assa'ad-Faltas appears to seek to intervene to relitigate this court's finding the consent exception to the Wiretap Act defeats Murdaugh's claim and to piggyback on a potential motion by Murdaugh to add a state law claim for violation of the South Carolina FOIA. She shares no common question of law or fact with Murdaugh as he has alleged no state law claim, his federal claim lacks merit and no phone calls she has made have been recorded, monitored, or released to the media.[1]

For the reasons above, the court declines to permit intervention, and Dr. Assa'ad-Faltas' motion to intervene (ECF No. 62) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 21, 2022

---

[1] In addition, Dr. Assa'ad-Faltas has failed to file a pleading setting out the claim for which intervention is sought as required by Federal Rule of Civil Procedure 24(c).