-IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Richard Alexander Murdaugh, | ) | |
| | ) | Civil Action No. 3:22-0608-CMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| Washava Moye, in her official capacity as | ) | **MOTION FOR SUMMARY JUDGMENT** |
| Interim Director Alvin S. Glenn Detention | ) | |
| Center, Richland County Government, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

The Plaintiff Richard Alexander Murdaugh has filed a Complaint for Injunctive Relief. (ECF #7). In response to recent media requests made pursuant to the South Carolina Freedom of Information Act ("FOIA"), S.C. Code Ann. § 30-4-10, *et seq*., Richland County disclosed audio recordings of outgoing telephone calls made by the Plaintiff as a detainee at the Alvin S. Glenn Detention Center ("ASGDC").

The Plaintiff filed this action pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et seq*., seeking an injunction "preventing Defendant, and anyone acting on his behalf or in concert with Defendant, from disclosing to anyone the intercepted telephone communications between Plaintiff and others in response to a records request or for any other purpose except as expressly permitted in Section 2517(1)-(3) of Title

1

III." *See*, Complaint, ¶ 30. (ECF #1). The Defendant Washava Moye, in her official capacity as the ASGDC Interim Director,[1] now moves for summary judgment pursuant to Rule 56, FRCP, seeking the denial of the requested injunctive relief and the dismissal of the Plaintiff's Complaint with prejudice.

## LEGAL ANALYSIS

The Plaintiff generally alleges that by releasing recordings of his personal telephone calls to the media, the Defendant violated Title III of the Federal Wiretap Act. Contrary to the Plaintiff's allegations, Title III has no application to the recordings of his outgoing telephone calls from the Alvin S. Glenn Detention Center. Title III "protects an individual from all forms of wiretapping except where the statute specifically provides otherwise." *Abraham v. County of Greenville*, 237 F.3d 386, 389 (4th Cir. 2001). With respect to the Plaintiff's allegations, there are two exceptions to Title III that are applicable – the law enforcement exception and the consent exception. For the Defendant to prevail, only one of those exceptions needs to be found to apply.

### I.     Law Enforcement Exception

Title III generally prohibits the unauthorized "interception" of "any wire, oral, or electronic communications." 18 U.S.C. § 2511(1)(a). The term "intercept" is statutorily defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication

---

[1]     The Plaintiff declined the Court's invitation to filed an Amended Complaint naming Richland County as the party-defendant. *See* Order filed June 1, 2022. (ECF #60). The Defendant Washava Moye no longer holds the position of Interim Director of the Alvin S. Glenn Detention Center. That position is currently held by Crayman Harvey. The Defendant Moye is therefore not a proper party against whom the request for injunctive relief may be granted.

through the use of the any electronic, mechanical, or other device."  18 U.S.C. § 2510(4).

However, as the First Circuit explained in *United States v. Lewis*, 406 F.3d 11 (1st Cir. 2005), "§

2510(5)(a)(ii) creates a "law enforcement exception" to what constitutes an intercept."  406 F.3d

at 16.  The phrase "electronic, mechanical, or other device" is defined to *exclude* "equipment …

being used … by an investigative or law enforcement officer in the ordinary course of his

duties."  18 U.S.C. § 2510(5)(a)(ii).  In effect, as the First Circuit concluded, "the acquisition of

the contents of a communication by an investigative or law enforcement officer in the ordinary

course of his duties is not an interception for Title III purposes."  *Lewis*, 406 F.3d at 16.

The Fourth Circuit followed the same rationale in *United States v. Hammond*, 286 F.3d

189 (4th Cir. 2002).  In that case, the criminal defendant sought to suppress recordings of

telephone conversations that were made as part of a Bureau of Prisons routine monitoring

program.  As the First Circuit did in *Lewis*, the Fourth Circuit ruled that the "law enforcement"

exception under 18 U.S.C. § 2510(5)(a)(ii) excluded the recordings at issue from the definition

of "interception."  286 F.3d at 192.  The Fourth Circuit examined whether the FBI could obtain

access to prison recordings made as part of that routine monitoring program.  In concluding that

the FBI could obtain access to those recordings, the Fourth Circuit first ruled that "[b]ecause the

BOP was acting pursuant to its well-known policies in the ordinary course of its duties in taping

the calls, the law enforcement exception exempted the actions of the BOP from the prohibitory

injunction of Section 2511."  *Hammond*, 286 F.3d at 192.  Next, the Fourth Circuit found that the

"FBI was free to use the intercepted conversations once they were excepted under either §

2510(5(a)(1) or § 2511(2)(c)."  286 F.3d at 193.  In short, the Fourth Circuit found that the FBI

was able to access the recordings under the "law enforcement" exception without violating Title

III.  In *Hammond*, the Fourth Circuit also agreed with the Seventh Circuit that "section 2511

exempts the conversations covered by it from the *entirety* of Title III," including the limitations on disclosure as contained in 18 U.S.C. § 2517. 286 F.3d at 193, *citing In re High Fructose Corn Syrup Antitrust Litigation*, 216 F.3d 621, 625 (7th Cir. 2000). (Emphasis in original).

This same reasoning was also applied by the D.C. Circuit in the context of a federal Freedom of Information Act ("FOIA") claim, which is instructive in the case at bar. In *Smith v. United States Department of Justice*, 251 F.3d 1047 (D.C. Cir. 2001), the plaintiff made a FOIA request for recorded telephone conversations between himself and his attorney when he was incarcerated in a federal correctional facility. The Government refused to produce the recordings. However, the D.C. Circuit explained that "[a]s we read Title III it is inapplicable to the recordings at issue," and "under the FOIA [plaintiff] is entitled to the recordings." 251 F.3d at 1048. The D.C. Circuit first expressed "no doubt that the recordings [plaintiff] seeks fall under the exclusionary terms of § 2510(5)(a)(ii): They were obtained by 'law enforcement officers' (the prison authorities) who 'used,' 'in the ordinary course of their duties,' some telephone 'instrument, equipment or facility, or a component thereof.'" 251 F.3d at 1048. The court thus concluded that "§ 2510(5)(a)(ii) does not 'authorize' the recordings but instead *excludes them entirely from the coverage of the statute*." 251 F.3d at 1050. (Emphasis added).

The D.C. Circuit in *Smith* also acknowledged the "consistent line of cases" holding that recordings made by prison authorities "are not unlawful under Title III because they come within the exclusionary terms of § 2510(5)(a)(ii)." *Id.* That consensus of authority includes *Adams v. City of Battle Creek*, 250 F.3d 980 (6th Cir. 2001)*,* in which the Sixth Circuit recognized that "Congress most likely carved out an exception for law enforcement officials to make clear that the routine and almost universal recording of phone lines by police departments and prisons, as well as other law enforcement institutions, is exempt from the statute." 250 F.3d at 984. As the

Sixth Circuit further acknowledged "[s]uch a system routinely and indiscriminately records all phone activity in and out of the police department. This practice is well known in the industry and in the general public." *Id*. Moreover, in *United States v. Van Poyck*, 77 F.3d 285 (9th Cir. 1996), the Ninth Circuit ruled that the Metropolitan Detention Center "is a law enforcement agency whose employees tape all outbound inmate telephone calls; interception of these calls would appear to be in the ordinary course of their duties. Other Circuits have so held. We agree with these other Circuits and therefore conclude that the law enforcement exception applies in this Circuit to MDC's routine taping policy." 77 F.3d at 292. (Citations omitted).

In sum, as the cases from the First, Fourth, Sixth, Ninth, and D.C. Circuits demonstrate, recordings of an inmate's telephone communications made while imprisoned are not subject to Title III or any of its limitations on disclosure as set forth in 18 U.S.C. § 2517. As the former ASGDC Director Shane Kitchen attests in his previously filed affidavit, the telephone system at ASGDC "automatically records all outgoing inmate telephone calls" with the exception of pre-arranged attorney-client calls. *See*, Kitchen Aff., ¶ 5. (ECF #23-1). While the recorded calls are not actively monitored as they occur, "the Professional Standards staff within ASGDC will review random calls as well as calls on which there may be issues that arise." *See*, Kitchen Aff., ¶ 5. (ECF #23-1). Additionally, as Kitchen attests, "[t]he telephone calls are used for law enforcement and investigative purposes, including to conduct internal investigations of potential wrongdoing and institutional violations, as needed to maintain the safety and security of ASGDC, its inmates, and staff." *See*, Kitchen Aff., ¶ 5. (ECF #23-1). Moreover, the calls may be accessed by both the South Carolina Attorney General's Office and the Fifth Circuit Solicitor's Office for law enforcement and investigative purposes. *See*, Kitchen Aff., ¶ 6. (ECF #23-1). Thus, the telephone calls in question are recorded in the ordinary course of the officers' duties.

As the First Circuit observed, "it is beyond question that as a part of managing and regulating the day-to-day activities of a correctional institution, prison officials must be empowered to investigate potential criminal violations in order to preserve the security and orderly management of the institution." *Lewis*, 406 F.3d at 17.

In sum, consistent with the consensus of authority addressed above, the recordings of the Plaintiff's telephone conversations are excluded *from the entirety of Title III*, and the Plaintiff's Title III cause of action fails as a matter of law.

## II.     Consent Exception

In addition, the consent exception under Title III is applicable.  In *Hammond*, *supra*, the Fourth Circuit found that the inmate consented to having his telephone conversations recorded in accordance with 18 U.S.C. § 2511(2)(c), which provides:

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 U.S.C. § 2511(2)(c).  The Fourth Circuit concluded that "the 'consent' exception applies to prison inmates, such as Hammond, required to permit monitoring as a condition of using prison telephones, joining other circuits which have found the exception to apply under very similar circumstances."  286 F.3d at 192.

As indicated, the Fourth Circuit precedent is supported by a consensus of authority from other circuits.  In *United States v. Van Poyck*, 77 F.3d 285 (9th Cir. 1996), the Ninth Circuit found the consent exception to be applicable in addition to the law enforcement exception as discussed above.  The Ninth Circuit explained that "[c]onsent may be implied in fact from

surrounding circumstances indicating that the defendant knowingly agreed to the surveillance." 77 F.3d at 292.  The record reflected that the detention center posted signs warning that all calls were monitored and taped, and the defendant signed a consent form and was given a prison manual warning of the recording.  *Id*.  The Ninth Circuit thus concluded that "these facts indicate that Van Poyck impliedly consented to the taping of his phone calls [and] Title III was not therefore violated." *Id*.

The Court in *Van Poyck* also relied on the decision of the Second Circuit in *United States v. Amen*, 831 F.2d 373 (2d Cir. 1987), in which the court "agreed with the Government that the monitoring in this case fell within the consent exception to Title III."  831 F.2d at 378.  As the Second Circuit noted, "[t]he legislative history shows that Congress intended the consent requirement to be construed broadly."  *Id*.  Ultimately, the Second Circuit found that the prisoners impliedly consented to the recording of their telephone conversation.  The court found that the prisoners had attended an admission and orientation lecture at which the monitoring and taping system was discussed, had been given an Inmate Information Handbook that provided notice of the monitoring and taping of telephone calls, and had routinely been warned by notices posted on the telephones stating  "your use of institutional telephones constitutes consent to this monitoring." 831 F.2d at 378.  Based on those facts, the Second Circuit concluded that "the two defendants had notice of the interception system and that their use of the telephones therefore constituted implied consent to the monitoring." *Id*.

Likewise, in *United States v. Cox*, 2017 WL 5153405 (D. Mont. 2017), the district court was "persuaded by cases from the First, Second, Fourth, Eighth, Ninth, and Tenth Circuits that readily apply the consent exception by holding 'we have no hesitation in concluding that a prisoner's knowing choice to use a monitored phone is a legitimate 'consent' under the Wiretap

Act.'"  2017 WL 5153405 at *5, *citing United States v. Faulkner*, 439 F.3d 1221, 1224 (10th Cir. 2006).  The district court found that the defendant "was repeatedly informed and warned that his outgoing telephone calls from the jail would be recorded and subject to monitoring, yet he chose to proceed with the telephone calls in spite of the warnings."  *Id*.  Accordingly, as the district court concluded, "[t]he surrounding circumstances therefore indicate that [the defendant] knowingly consented to his telephone calls from the jail being recorded and subject to monitoring."  *Id.*

In the case at bar, the record similarly shows without dispute that ASGDC inmates and the parties to telephone calls received from inmates are repeatedly advised that the calls are subject to recording and monitoring.  As the Plaintiff readily concedes, the ASGDC Inmate Rules Orientation, a copy of which was furnished to the Plaintiff and is attached to the Plaintiff's Complaint (ECF #1-1), states:  "All calls from the housing modules are collect calls and are subject to recording and monitoring."  *See*, Kitchen Aff., ¶ 8.  (ECF #23-1).  In addition, as Kitchen attests, "when a telephone call is initiated, before the parties are connected, both parties receive a recorded message advising that 'all calls are subject to monitoring and recording.'"  *See*, Kitchen Aff., ¶ 8.  (ECF #23-1).  Based on these facts, the Plaintiff impliedly consented as a matter of law to the monitoring and taping of his telephone conversation.

Nonetheless, the Plaintiff argues that the consent exception is inapplicable because inmates are not advised that the recordings of telephone calls may be released to the public under FOIA.  However, South Carolina recognizes that "[e]veryone is presumed to have knowledge of the law."  *Smothers v. U.S. Fidelity and Guaranty Co*., 322 S.C. 207, 470 S.E.2d 858, 860 (Ct. App. 1996).  The Plaintiff, in particular, as a trained and experienced attorney, knew or should have known that the South Carolina Freedom of Information Act is broadly construed to require

the disclosure of such public records.  *See, Bellamy v. Brown*, 305 S.C. 291, 408 S.E.2d 219 (1991) (holding that plaintiff could not sue government agency for breach of confidentiality under state Freedom of Information Act because Act did not create any special or private duty of confidentiality to individuals).

More importantly, as this Court addressed in its Order Denying Motion for Preliminary Injunction (ECF #61),

> Although Murdaugh contends he did not consent to recording of his calls for purposes of disclosure to the public via the media, the consent he granted by utilizing the phone system after warnings via the Inmate Rules Orientation and recorded warnings at the beginning of each call was unqualified and not limited as he argues. "Consent, once having been given, will be deemed to have been unqualified." J. Carr, The Law of Electronic Surveillance § 3:4, at 2 (Dec. 2021 Update) (citing *Correa*, 220 F. Supp. 2d at 65; *Lewis*, 406 F.3d at 15).

(ECF #61, p. 17).  Therefore, the recordings to which the Plaintiff consented without qualification could be released to the media pursuant to a FOIA request despite the Plaintiff's assertion that he did not consent for the recordings to be used in that manner.

Given the applicability of the law enforcement exception and/or the consent exception, the Title III limitations on disclosure as contained in 18 U.S.C. § 2517 are not applicable to the recordings of the Plaintiff's telephone conversations, and as such, the Plaintiff cannot prevail on the merits of his Title III claim.  For that reason, the Plaintiff has not demonstrated his entitlement to the permanent injunction that he seeks in his Complaint.

## **CONCLUSION**

Based on the foregoing discussion, the Defendant Washava Moye, in her official capacity as Interim Director Alvin S. Glenn Detention Center, respectfully requests that the Court grant her motion for summary judgment, deny the Plaintiff's request for permanent injunctive relief, and dismiss the Plaintiff's Complaint with prejudice.

Respectfully submitted,

LINDEMANN & DAVIS, P.A.


BY:  *s/ Andrew F. Lindemann*
        ANDREW F. LINDEMANN            #5070
        5 Calendar Court, Suite 202
        Post Office Box 6923
        Columbia, South Carolina 29260
        (803) 881-8920
        Email: andrew@ldlawsc.com

*Counsel for Defendant Washava Moye*

October 25, 2022