BEFORE THE U.S. DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA
True Division for Trial: Columbia



Richard Alexander Murdaugh, Plaintiff v. Washava Moye, officially, Defendant
**Marie Assa'ad-Faltas, MD, MPH, *pro se* Proposed Intervenor or Substitute Plaintiff**

**Dr. Assa'ad-Faltas'** *Re-renewed* **MOTION to Intervene and OPPOSE Defendant's Summary Judgment Motion to Prevent the making of Bad Law which *could*, albeit erroneously, bind Dr. Assa'ad-Faltas.**

Dr. Assa'ad-Faltas trusts this Court to have more class than others who use a facile f-word ("frivolous") as a sword against a *pro se* who knows judges are sometimes *intentionally* wrong *for the wrong reasons*.

**U.S. Magistrate Judge L.P. Auld (MDNC) ("Jurist Auld"), who sat on Dr. Assa'ad-Faltas' case against Jurist Auld's paternal-paternal first cousin, Columbia Police Department's ("CPD") James Auld ("CPD's Auld"), and LIED about the closeness of the two paternal-paternal first cousins, blasted Dr. Assa'ad-Faltas with that "elastic" word** for urging rules of time-computation and of police-liability *later* adopted in *Manuel* v. *City of Joliet, Il.*, 580 U.S. _, 137 S.Ct. 911 (2017), and *Thompson* v. *Clark*, 596 U.S. _, 142 S.Ct. 1332 (2011), respectively. **That f-word was used in *this* District by U.S. Magistrate Judge Shiva Vafai Hodges ("Jurist S. Hodges"), whose husband is a lawyer for Richland County ("RC"), SC, to abort Dr. Assa'ad-Faltas' claims against RC under pretext that *this* Court already resolved the issue *in this case*.**

SC Associate Justice Kittredge repeats that f-word despite massive evidence that **Dr. Assa'ad-Faltas is *the opposite of frivolous:* on what an *Allen* charge should include, Dr. Assa'ad-Faltas anticipated *Rampey* by 12 years.** *Vide* Dr. Assa'ad-Faltas' 7 October 2022 Motion in SC Appellate Case 2021-000049 and 24 October 2022 Amended Provisional Initial Brief, pp 13-17, in SC Appellate Case 2022-000339, both available through **the public C-Track link** on SC's Judicial Branch's website, **SCcourts.*org*,** (please enter case number or "Faltas" and uncheck "exclude closed cases").

Not frivolity but correct anticipation of the consequences of the current plaintiff's failure to oppose the Defense's summary judgment motion compels Dr. Assa'ad-Faltas to move *again* to intervene and urge that consent cannot be found where a person has no free choice. The current plaintiff *reportedly* circumvented the issue by routing his calls out of Alvin S. Glenn Detention Center ("ASGDC") through his attorneys' offices, **and thus has no *practical* need to oppose the Defense's SJM.** But that option is not available to other ASGDC detainees, **and definitely *not* to Dr. Assa'ad-Faltas,** who, ironically, was sent to her most recent incarceration at ASGDC because she insisted that her right to speak for herself *is a **basic** human right* **and *may have* suggested that it is hypocrisy of the U.S. to lecture the world on human rights but ignore them in its own courts and jails/prisons.**

**Thus, the conditions of permissive intervention are met: the current plaintiff is unable/unwilling to defend Dr. Assa'ad-Faltas' interests but will suffer no prejudice from her intervention because, without it, the original plaintiff's case will be dismissed *with prejudice* and without possibility of review on appeal.** Further, no delay will be caused by Dr. Assa'ad-Faltas' intervention: without it, the case sat without *further* discovery or other movement for months. Even with Dr. Assa'ad-Faltas intervention, this Court can rule on it at the same time and in the same document it rules on the Defense's SJM whether the original plaintiff opposes it or not.

Nor is the notion that consent cannot be found where the inmate has no choice the only *serious* issue Dr. Assa'ad-Faltas wishes to press, before this Court and on appeal, by intervening; Dr. Assa'ad-Faltas wishes to **challenge the existence of ASGDC *itself* as a facility owned by a non-sovereign but performing, *without adequate (or any) control by the sovereign*, the non-delegable sovereign function of holding persons in custody.** With love and respect for the two SC Jurists Newman, Dr. Assa'ad-Faltas asks this Court to not be as shocked at this argument as Judge Newman, *père,* was at 9:56 pm on 26 February 2010 when Dr. Assa'ad-Faltas asked for the jury to be *positively* told that they have a *duty* to remain deadlocked if their individual consciences so led them. It turns out that, not Dr. Assa'ad-Faltas, but the "model" *Allen* charge was wrong and had fed many juries **the lie that** that, after a hung jury, the case will "have to be retried" with the same witnesses. (Dr. Assa'ad-Faltas' post-mistrial research, for example, *thoroughly discredited **all** the witnesses* who had testified against her; and the false harassment charges were **dismissed *with* prejudice**.) Another lie, indulged longer than the misleading "model" *Allen* charge, is that a non-sovereign may hold persons in confinement.

*U. S. Term Limits, Inc., et al.* v. *Thornton et al.,* 514 U.S. 779, 838-9 (1995), held:

> Federalism was our Nation's own discovery. The Framers split the atom of sovereignty. It was the genius of their idea that our citizens would have two political capacities, one state and one federal, each protected from incursion by the other. The resulting Constitution created a legal system unprecedented in form and design, establishing two orders of government, each with its own direct relationship, its own privity, its own set of mutual rights and obligations to the people who sustain it and are governed by it. It is appropriate to recall these origins, which instruct us as to the $_{839*839}$ nature of the two different governments created and confirmed by the Constitution.

"The atom of sovereignty" was split only two, not more, ways. The Supremacy and the "no-new-state" Clauses of the U.S. Constitution **forbid a state to *further* "split the atom of sovereignty"** without splitting *itself* into smaller states *without Congress' consent.* So, Jinks v. Richland County, 538 US 456 (2003), **unanimously held that political subdivisions do NOT partake of state's sovereignty.** Any act bestowing on the non-sovereign RC sovereign powers to incarcerate persons is unconstitutional; *e.g., Swicegood* v. *Thompson,* 435 SC 63, 65, 865 SE2d 775 (2021):

> **"See *Norton* v. *Shelby Cnty.*, 118 U.S. 425, 442 (1886) ('An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; . . . it is, in legal contemplation, as inoperative as though it had never been passed.'); *Bergstrom* v. *Palmetto Health All.*, 358 S.C. 388, 399, 596 S.E.2d 42, 47 (2004) ('Generally, "when a statute is adjudged to be unconstitutional, it is as if it had never been."' (quoting *Atkinson* v. *S. Express Co.*, 94 S.C. 444, 453, 78 S.E. 516, 519 (1913)))**.

**WHEREFORE,** intervention should be allowed and the Defense's SJM should be denied.

Respectfully submitted on 1November 2022 **and served the same day** by e-mail to Mr. Harpootlian and Mr. Lindemann, and all concerned others, all God so willing.

[S/] Marie Assa'ad-Faltas, MD, MPH, Proposed Intervenor/Movant *pro se*
P.O. Box 9115, Columbia, SC 29290
Phone: (803) 783-4536          Cell: (330) 232 – 4164
e-mail: Marie_Faltas@hotmail.com and MarieAssaadFaltas@GMail.com