# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Richard Alexander Murdaugh, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Defendant Washava Moye, in her official ) <br> capacity as Interim Director Alvin S. ) <br> Glenn Detention Center, Richland ) <br> County Government, ) <br> ) <br> Defendants. ) <br> _____) | Civ. No.  3:22-cv-00608-CMC <br><br><br> **PLAINTIFF'S RESPONSE TO** <br> **DEFENDANT'S MOTION FOR** <br> **SUMMARY JUDGMENT** |

Plaintiff Richard Alexander Murdaugh, through his undersigned attorneys, hereby responds to the motion of Defendant Washava Moye, in her official capacity as Interim Director Alvin S. Glenn Detention Center, Richland County Government, for summary judgment.

In the Complaint, Plaintiff alleges that the Alvin S. Glenn Detention Center (ASGDC)'s decision to disclose recordings of Plaintiff's private family telephone calls to internet bloggers violates Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et seq.* ("Title III").  Defendant argues Title III's prohibition on interceptions of "wire, oral or electronic communications" without an authorizing court order does not apply to the recordings at issue in this case because two exceptions to the prohibition apply: the law enforcement exception, 18 U.S.C. § 2510(5)(a)(ii), and the consent exception, § 2511(2)(c).

The Court's order denying Plaintiff's motion for a preliminary injunction has already disposed of Defendant's argument regarding the law enforcement exception.  After carefully considering evidence presented in support of and in opposition to the motion for a preliminary injunction, the Court concluded:

-1-

> [I]t is questionable whether the law enforcement exception would apply here. It appears the recordings of detainee calls at ASG may not be made with the primary purpose of monitoring for jail security purposes, and thus may be outside the ordinary course of duties. Moreover, Defendant has failed to show AmTel employees are supervised by ASG personnel and thus considered "investigative or law enforcement officers" for purposes of Title III.

Order at 14, ECF No. 61, June 1, 2022. The Court held issues of material fact render it "questionable" whether the law enforcement exception applies in this case. No further evidence on this point has been provided since the Court's order, which therefore precludes summary judgment on the law enforcement exception.

The Court's order however also held "the court need not decide whether the law enforcement exception applies, as another exception to Title III applies"—the consent exception. Order at 14. Plaintiff alleges he was on notice his calls were recorded and monitored. Compl. ¶ 11. The Fourth Circuit holds the consent exception applies to inmates who, like Plaintiff, are "required to permit monitoring as a condition of using prison telephones." *United States v. Hammond*, 286 F.3d 189, 192 (4th Cir. 2002).

Plaintiff would argue this holding in *Hammond* rests on incorrect reasoning. The more logical position is that of the Seventh Circuit, which observes "knowledge and consent are not synonyms" and so being put on notice that a call may be monitored and recorded does not create consent to the monitoring and recording: "Taking a risk is not the same thing as consenting to the consequences if the risk materializes." *United States v. Daniels*, 902 F.2d 1238, 1245 (7th Cir. 1990) (declining to find the consent exception applied even where the inmate signed a form confirming that he knew calls may be monitored and recorded). Plaintiff however recognizes that he is on the wrong side of this circuit split, as *Hammond* is binding precedent compelling the Court to imply, as a matter of law, Plaintiff's consent to the recording of his family telephone calls, even though, as a matter of fact, he did not consent.

Challenging *Hammond* would require a successful petition for en banc review or certiorari from the Supreme Court. The prospects for such a petition are uncertain and, even if successful, would take years during which time Mr. Murdaugh would continue to have his private family conversations recorded and released for public entertainment. Plaintiff therefore asks the Court to dismiss the complaint without prejudice and with leave to file an amended complaint. Plaintiff's proposed amended complaint is attached as **Exhibit A** to this response. The proposed amended complaint seeks relief based on constitutional rights to due process of law—particularly, his right to a fair trial and his right not to be punished before trial—and his privacy rights under the South Carolina constitution.

Where, as here, a proposed amended pleading is untimely under a scheduling order, the movant must show good cause for leave to amend. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). There is good cause to permit the proposed amendment for two reasons.

First, "[p]roperly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). That is the case here because Plaintiff was indicted for the murder of his wife and son on July 14th—only a month after the Court's order denying Plaintiff's motion for a preliminary injunction, and less than a month after the deadline to amend pleadings. During the time immediately preceding and following the indictments, Plaintiff and his counsel were understandably focused almost exclusively on these serious criminal charges.

Moreover, the proposed amendment does not "change the character" of this litigation. *Cf. id.* at 981 (noting "belated claims that change the character of litigation are not favored"). The proposed amended complaint, like the original complaint, seeks to enjoin Richland County from disclosing Plaintiff's family telephone calls to the public in the absence of an authorizing court

order. The change is the legal basis for seeking that relief. In some cases, changing legal theories would require reopening discovery and so could be said to "change the character" of the litigation. *E.g.*, *Mercantile Trust Co. v. Inland Marine Products Corp.*, 542 F.2d 1010, 1013 (8th Cir. 1976) (finding no abuse of discretion where district court refused to allow late amendment which would add new theories of defense and "would necessarily reopen much of discovery"). But that is not the case here. No additional discovery is needed. If the Court grants leave to file the proposed amended complaint, this matter would be resolved on cross-motions for judgment on the pleadings or summary judgment filed shortly after the amended complaint is answered. Being indicted for the murder of one's own family is an extraordinary circumstance that surely provides good cause for missing an amended pleading deadline where the only burden the amendment would impose on the opposing party is the need to file a new summary judgment brief.

Second, the proposed amended complaint states a meritorious claim of a continuing violation of a constitutional right that affects every inmate in South Carolina. Richland County's decision to give recordings of inmates' private family conversations to internet bloggers seeking something to sell has opened a Pandora's Box. Reporters have already made FOIA requests for personal telephone calls of other persons associated with Mr. Murdaugh. For example, on September 8, 2022, Avery Wilks of the Post & Courier requested disclosure of recordings of Eddie Curtis Smith's telephone conversations (which the Lexington County Sheriff's Office's general counsel properly denied later that same month, citing among other reasons the possibility disclosure might deprive Mr. Smith of his right to a fair trial). This issue raised will be raised again and again until resolution. The interests of justice and judicial economy favor resolving it now.

Respectfully submitted,

s/Phillip D. Barber
Richard A. Harpootlian (Fed. ID No. 1730)
Phillip D. Barber (Fed. ID No.12816)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, SC 29201
(803) 252-4848
(803) 252-4810 (facsimile)
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

James M. Griffin, Fed. ID No. 1053
Margaret N. Fox, Fed. ID No. 10576
GRIFFIN DAVIS, LLC
4408 Forest Dr., Suite 300 (29206)
P.O. Box 999 (29202)
Columbia, South Carolina
(803) 744-0800
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

ATTORNEYS FOR PLAINTIFF

November 8, 2022
Columbia, South Carolina