**-IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| Richard Alexander Murdaugh, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Washava Moye, in her official capacity as ) <br> Interim Director Alvin S. Glenn Detention ) <br> Center, Richland County Government, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 3:22-0608-CMC <br><br> **REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

The Plaintiff Richard Alexander Murdaugh has now filed a response to the Defendant's Motion for Summary Judgment. (ECF #71). In that response memorandum, the Plaintiff concedes that binding Fourth Circuit precedent, including specifically *United States v. Hammond*, 286 F.3d 189 (4th Cir. 2002), supports the Defendant's position as articulated in her Motion for Summary Judgment and supports the dismissal of the Plaintiff's claim for permanent injunctive relief under Title III of the Federal Wiretap Act.

Instead of contesting the merits of the Title III claim, the Plaintiff uses his response memorandum to accomplish two purposes for which he has not filed any motion to date. First, the Plaintiff asks this Court to dismiss his existing Complaint *without* prejudice. Second, the Plaintiff asks this Court to allow him to file an Amended Complaint naming four new Defendants and presenting two new claims under 42 U.S.C. § 1983 and the South Carolina Constitution for the same permanent injunctive relief he still seeks.

1

The relief requested has not been presented to this Court by any formal motion seeking a voluntary dismissal without prejudice or any formal motion to amend his Complaint, and the Defendant objects to the Plaintiff seeking this relief without a motion. Given this unusual procedural posture, it is unclear whether the Court intends to entertain this relief in the absence of properly filed motions. Nonetheless, to the extent that the Court intends to do so, the Defendant will briefly address her opposition.

First, the Plaintiff has not shown that he is entitled to a dismissal of the Federal Wiretap Act claim without prejudice at this late stage of the litigation. The Defendant and the Court has expended time and resources to brief and adjudicate respectively the Plaintiff's earlier Motion for Preliminary Injunction in which this Court ruled that the Plaintiff "failed to show likelihood of success on the merits on his Title III claim." (ECF #61, p. 18). The Plaintiff then proceeded to allow the Defendant to go to the time and expense of preparing and filing a Motion for Summary Judgment before seeking a voluntary dismissal, and he now concedes that he cannot prevail under existing Fourth Circuit precedent on that Title III claim. Given the posture of the litigation, the Plaintiff's concessions, and the Court's preliminary rulings on the merits, the dismissal of the Title III claim should be with prejudice.

Second, as to the request to amend his Complaint to name four new Defendants and two new legal theories, the Plaintiff has failed to satisfy both the "good cause" standard under Rule 16(b), FRCP, and the requirements of Rule 15(a), FRCP. As the Plaintiff concedes, he is seeking to amend his Complaint after the deadline for amending pleadings has expired, after the discovery deadline has expired, and after the disposition motions deadline has expired. By the current Scheduling Order, the deadline to amend pleadings was June 21, 2022, the discovery deadline was October 11, 2022, and the dispositive motions deadline was October 25, 2022.

2

(ECF #40).  In addition, by Order filed June 1, 2022, the Court advised that "[i]f Plaintiff wishes to add Richland County as a defendant, he may file an Amended Complaint no later than June 21, 2022."  (ECF #60, p. 3).  The Plaintiff took no action in response thereto, that is, until the filing made on November 8, 2022.

In *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959 (D.S.C. 1997), this Court explained that "where ... a motion to amend the pleadings ... is filed after the scheduling order deadline, a 'two-step analysis' is required."  986 F. Supp. at 980.  This Court explained:

> Once a scheduling order's deadline for amendment of pleadings has passed, a movant must *first* demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s "good cause" standard, it must *then* pass the requirements for amendment under Rule 15(a).

*Id*.  (Emphasis in original).  The *Dilmar* Court recognized that the Rule 16(b) "good cause" standard "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment."  *Id*.  "'[G]ood cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.'"  *Id*.

In his response memorandum, the Plaintiff's purported showing of "good cause" focuses on the fact that he was indicted for the murder of his wife and son, and he and his counsel were "understandably focused almost exclusively on these serious criminal charges."  (ECF #71, p. 4).  However, those indictments were not handed down until July 14, 2022, which was after the deadline for amending pleadings had passed.  The Plaintiff has made no showing that the scheduling order deadlines could not be met despite his diligent efforts.  In addition, the Defendant disagrees with the Plaintiff's assessment that the new claims against new parties will

3

not require the re-opening of discovery.  Thus, the Plaintiff has failed to satisfy the more rigorous Rule 16(b) "good cause" standard.

Additionally, it is well settled that under Rule 15(a), FRCP, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).  As the Fourth Circuit has further explained:  "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."  438 F.3d at 427.  "Leave to amend … should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

In his proposed Amended Complaint, the Plaintiff seeks to amend to allege a Fourteenth Amendment claim and a State Constitutional claim for a violation of his due process right to a fair trial.  The Plaintiff has offered no case law or other authority to show that there is a demonstrable basis for those claims to be asserted against Richland County, the County Attorney, the Assistant County Attorney, and the County Ombudsman, all of whom would be sued for their role in responding to valid Freedom of Information Act requests from media sources.  In actuality, those claims do not have any viable support in the law, and the requested amendments would be futile.  Specifically, the Plaintiff has not demonstrated that the four new Defendants – none of whom are even involved in the prosecution of the charges against the Plaintiff – owe a constitutional duty to the Plaintiff to safeguard his right to a fair trial.  *See*, *United States v. Harrison*, 716 F.2d 1050, 1051 (4th Cir. 1983) ("[t]he prosecutor, as much as any other officer in the judicial process, has an obligation to safeguard the right to trial by an impartial jury").

Based on the foregoing discussion, the Defendant respectfully requests this Court to grant her Motion for Summary Judgment on the merits of the Plaintiff's Title III claim and dismiss that claim with prejudice, and to the extent the matter is deemed to be properly raised, that this Court deny the request to file an Amended Complaint raising two new claims against four new Defendants.

                              Respectfully submitted,

                              LINDEMANN & DAVIS, P.A.

                              BY: *s/ Andrew F. Lindemann*
                                    ANDREW F. LINDEMANN     #5070
                                    5 Calendar Court, Suite 202
                                    Post Office Box 6923
                                    Columbia, South Carolina 29260
                                    (803) 881-8920
                                    Email: andrew@ldlawsc.com

                              *Counsel for Defendant Washava Moye*

November 15, 2022