# Exhibit A
# Proposed Amended Complaint

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Richard Alexander Murdaugh, | ) | Civ. No. 3:22-cv-00608-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **[PROPOSED]** |
| v. | ) | **AMENDED COMPLAINT** |
| | ) | |
| Richland County, South Carolina; Judy A. Carter, in her official capacity as County Ombudsman; Patrick Wright, in his official capacity as County Attorney; *and* Christopher Ziegler, in his official capacity as Assistant County Attorney, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Richard Alexander Murdaugh, through his undersigned attorneys, brings this action for declaratory and injunctive relief, and alleges as follows:

**NATURE OF THE ACTION**

1. This is a declaratory relief action under 28 U.S.C. § 2201 and South Carolina Code § 15-53-20, and civil rights action under 42 U.S.C. § 1983.

2. Plaintiff Richard Alexander Murdaugh is a pretrial detainee at the Alvin S. Glenn Detention Center (ASGDC) in Richland County, South Carolina. He is charged with numerous financial crimes and with the murder of his wife and son. Mr. Murdaugh emphatically denies harming his wife and son.

3. The ASGDC records Plaintiff's calls with his family and friends and Defendants disclose those recordings to internet bloggers and others for public entertainment, purportedly in response to requests under the South Carolina Freedom of Information Act (FOIA) even though FOIA exempts the recordings from disclosure.

-1-

4.      Internet bloggers then use prurient interest in Plaintiff's private family conversations to sell website subscriptions, promote podcasts, obtain social media followers, and sell merchandise.

5.      Being charged with crimes and subjected to detention while awaiting trial on those charges did not transform Mr. Murdaugh into an animal in a zoo on display for public entertainment. *Houchins v. KQED, Inc.*, 438 U.S. 1, 5 n.2 (1978) (plurality op.) ("Inmates in jails . . . retain certain fundamental rights of privacy; they are not like animals in a zoo . . . ."). Plaintiff is a human being with rights protected under the law, which are being violated by Defendants' continuing, unlawful conduct under color of state law.

## PARTIES

6.      Plaintiff Richard Alexander Murdaugh is a pre-trial detainee at the ASGDC. He has not been convicted of any crime.

7.      Defendant Richland County is a political subdivision of the State of South Carolina. It operates the ASGDC and by policy and custom decides what information to release in response to FOIA requests.

8.      Defendant Judy A. Carter is the Richland County Ombudsman. Together with the County Attorney and Assistant County Attorney, she decides what information the County discloses in response to FOIA requests. She is sued in her official capacity only.

9.      Defendant Patrick Wright is the Richland County Attorney. Together with the Ombudsman and Assistant County Attorney, he decides what information the County discloses in response to FOIA requests. He is sued in his official capacity only.

10.     Defendant Christopher Ziegler is the Assistant Richland County Attorney. Together with the Ombudsman and County Attorney, he decides what information the County discloses in response to FOIA requests. He is sued in his official capacity only.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over the subject matter of Plaintiff's first cause of action pursuant to 28 U.S.C. § 1331 because his claims arise under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, and over the subject matter of Plaintiff's second cause of action pursuant to 28 U.S.C. § 1367 because this claim is so related to Plaintiff's federal claims as to form part of the same case and controversy.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in the district.

## FACTS

13. Plaintiff is a pretrial detainee being held at ASGDC pending trial on various South Carolina state court charges, including the murder of his wife and son.

14. Plaintiff's murder trial will begin on January 23, 2023. It is the subject of intense local, national, and international interest.

15. The ASGDC by policy only permits in-person visitation for one hour per week. But due to severe understaffing even that minimal level of visitation is often unavailable.

16. Telephone calls therefore are Plaintiff's means of contact with his family and friends. During his detention, Plaintiff has had many telephone calls with family and friends.

17. These calls were recorded pursuant to ASGDC's "Inmate Rules," which state "[a]ll calls from the housing modules are collect calls and are subject to recording and monitoring." Kitchen Aff. ¶ 7, ECF No. 23-1 (Affidavit of then-ASGDC Interim Director D. Shane Kitchen). When a telephone call is initiated, both parties receive a recorded message advising "all calls are subject to monitoring and recording." *Id.* ¶ 8.

18. Richland County contracts with AmTel to provide telephone services to inmates at ASGDC. *Id.* ¶ 3. All outgoing inmate telephone calls are automatically recorded by AmTel, except for attorney-client calls for which prior arrangements are made. *Id.* ¶ 5.

19. In January 2022, an electronic media organization submitted a request for recordings of Murdaugh's outgoing telephone calls from the ASGDC under FOIA.

20. Any FOIA request received by the ASGDC is forwarded to the Richland County Ombudsman's Office for handling. Kitchen Aff. ¶ 9. That office, the County Attorney's Office, or both in consultation, determine what public records may be subject to disclosure under the FOIA, or whether an exemption applies. *Id.*

21. FOIA does not require disclosure of a pretrial detainee's private family telephone calls. Matters a public body may exempt from disclosure under South Carolina Code § 30-4-40 include audio recordings compiled for law enforcement purposes to the extent their production "would deprive a person of a right to a fair trial or an impartial adjudication"; "would constitute an unreasonable invasion of personal privacy"; or "would disclose any contents of intercepted wire, oral, or electronic communications not otherwise disclosed during a trial."

22. Nevertheless, Defendants provided copies of Plaintiff's private family telephone communications in response to the FOIA request.

23. Consequentially, on February 22, 2022, portions of Plaintiff's private family calls were posted on Twitter, as a promotion for a podcast titled "Incoming Call from Alex Murdaugh, The Jailhouse Tapes." The following day, on February 23, 2022, the podcast released approximately one hour of intercepted private telephone communications between Plaintiff and members of his immediate family. These conversations were made available to paid subscribers on the electronic media organization's website.

24. Many hours of Plaintiff's private family calls have since been posted on websites, podcasts, and social media for the entertainment of subscribers and social media followers.

25. The recordings are used to embarrass, humiliate, Plaintiff and his family members, and portray them in a false and negative light, denying them basic rights to privacy and human dignity that are enjoyed even by convicted criminals in prisons. Even a convict in a prison can have a conversation with his son that is not posted on internet sites selling T-shirts and dog bowls. Yet because of Defendants' unlawful actions, Plaintiff cannot, even though he has not been convicted of anything.

26. Subsequently, other organizations have submitted similar FOIA requests for copies of Plaintiff's intercepted telephone communications.

27. To date, Defendants have distributed copies of at least 121 of Plaintiff's private telephone communications with family and friends to requesting internet bloggers, news media, and other persons.

## CAUSES OF ACTION

### FOR A FIRST CAUSE OF ACTION
### Deprivation of under the Fourteenth Amendment under color of state law
### Pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983

28. Plaintiff incorporates each of the foregoing paragraphs as if set forth verbatim.

29. At all times relevant, Defendants acted under color of state law.

30. At all times relevant, Defendant Richland County acted pursuant to and in accordance with its established policies and customs.

31. Defendant Richland County is a "person" for purposes of 42 U.S.C. § 1983. *See Jinks v. Richland County, S.C.*, 538 U.S. 456, 466–67 (2003).

32. Defendants' release of recordings of Plaintiff's private conversations with family and friends occurred without any court authorization and was not in furtherance of any law

enforcement or prosecutorial activity. The release deprives Plaintiff's due process rights under the Fourteenth Amendment because it deprives him of his right to a fair trial.

33. To the extent the released recordings are of any possible public interest, it is in relation to the crimes for which Plaintiff is accused. A state actor should release information regarding the accused in a criminal proceeding by presenting it as evidence at trial, subject to judicial enforcement of the rules of evidence and other procedures protecting the right to a fair trial. State actors releasing information to news media, internet bloggers, podcasts, or the like, without judicial review or even review by a prosecuting authority accountable to the tribunal, evades these protections and undermines the right to a fair trial.

34. Additionally, the release of Plaintiff's private family conversations to the public for public amusement was punitive because it served to embarrass and humiliate him and deprived him of a basic privacy right without furthering any legitimate purpose of pretrial detention (i.e., protecting the public and ensuring the accused attendance at trial). *See Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (noting "to constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement" (citing *Bell v. Wolfish*, 441 U.S. 520, 537 (1979))).

35. The punitive purpose is further shown by Defendants' decision to release recordings of Plaintiff's private telephone calls even though the South Carolina FOIA statute specifically excludes such recordings from its disclosure requirements.

36. Punishment before trial, much less conviction, of any crime deprives Plaintiff of his due process rights under the Fourteenth Amendment. *Bell*, 441 U.S. at 535 (holding "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law").

37. Defendants' actions under color of state law thus deprived Plaintiff of federal constitutional rights under the Fourteenth Amendment to a fair trial and to not be punished for alleged crimes before adjudication of the charges.

38. Plaintiff therefore is entitled to a declaration that the release of recordings of his private telephone conversations without judicial authorization violates his rights under the Fourteenth Amendment.

39. Plaintiff is also entitled to a decree enjoining Defendants from continuing their actions that violate Plaintiff's constitutional rights.

40. Plaintiff is also entitled to an award of costs and reasonable attorney's fees under 42 U.S.C. § 1988.

**FOR A SECOND CAUSE OF ACTION**
**Declaration of rights under Article I, §§ 3 and 10 of the South Carolina Constitution**
**Pursuant to S.C. Code § 15-53-20**

41. Plaintiff incorporates each of the foregoing paragraphs as if set forth verbatim.

42. As alleged above, Defendants actions deprived Plaintiff of federal constitutional rights under the Fourteenth Amendment to due process of law, which are also protected under Article I, § 3 of the South Carolina Constitution.

43. Article I, § 10 of the South Carolina Constitution also specifically protects privacy rights by providing the right to be secure against "unreasonable invasions of privacy." "By articulating a specific prohibition against 'unreasonable invasions of privacy,' . . . the South Carolina Constitution favors an interpretation offering a higher level of privacy protection than the Fourth Amendment" to the U.S. Constitution. *State v. Weaver*, 649 S.E.2d 479, 483 (S.C. 2007) (citation omitted).

44. Defendants' actions as alleged above violate Plaintiff's basic privacy rights and are "unreasonable" and "unwarranted" invasions of Plaintiff's privacy. As the U.S. Supreme Court has stated: "[W]e hold as a categorical matter that a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy, and that when the request seeks no 'official information' about a Government agency, but merely records that the Government happens to be storing, the invasion of privacy is 'unwarranted.'" *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 780 (1989).

45. Plaintiff therefore is entitled to a declaration that the release of recordings of his private telephone conversations without judicial authorization violates his rights under the South Carolina Constitution.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment declaring the disclosure of recordings of Plaintiff's personal telephone conversations in the absence of any authorizing court order violates his rights under the Fourteenth Amendment of the United States Constitution and under Article I, Sections 3 and 10 of the South Carolina Constitution, for an injunction enjoining Judy Carter, Patrick Wright, Christopher Ziegler, and all employees, contractors, or agents of Richland County, from releasing recordings of Plaintiff's personal telephone calls to the public unless authorized by court order, for an award of the costs of this action including reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/
Richard A. Harpootlian (Fed. ID No. 1730)
Phillip D. Barber (Fed. ID No.12816)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, SC 29201
(803) 252-4848
(803) 252-4810 (facsimile)
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

James M. Griffin, Fed. ID No. 1053
Margaret N. Fox, Fed. ID No. 10576
GRIFFIN DAVIS, LLC
4408 Forest Dr., Suite 300 (29206)
P.O. Box 999 (29202)
Columbia, South Carolina
(803) 744-0800
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

ATTORNEYS FOR PLAINTIFF

November 8, 2022
Columbia, South Carolina.