## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| Richard Alexander Murdaugh, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Defendant Washava Moye, in her official )<br>capacity as Interim Director Alvin S. )<br>Glenn Detention Center, Richland )<br>County Government, )<br>)<br>Defendants. )<br>_____) | Civ. No. 3:22-cv-00608-CMC<br><br><br>**PLAINTIFF'S MOTION TO SET<br>ASIDE THE SCHEDULING ORDER** |

Plaintiff Richard Alexander Murdaugh, through his undersigned attorneys, hereby moves the Court to set aside the scheduling order (ECF No. 40) and the text order suggesting monetary sanctions for failure to make pretrial disclosures (ECF No. 81). The basis for this motion is that Defendant has a pending summary judgment motion which Plaintiff has conceded. ECF Nos. 68, 71. Plaintiff merely asks for leave to make an untimely amendment to the complaint, for good cause shown. ECF Nos. 71, 75. Whether that leave should be granted is the only dispute before the Court, and it is a dispute that will be decided when the Court rules on the pending motion for leave to amend, not at trial.

Even if the Court grants leave to amend, this case necessarily would be decided on motions for summary judgment. The proposed amended complaint merely asserts that the Alvin S. Glenn Detention Center's release of recordings of Plaintiff's familial telephone conversations in response to South Carolina Freedom of Information Act requests violates his constitutional rights as a pretrial detainee. ECF No. 75-1. The fact of the release is admitted and is a matter of public record subject to judicial notice. This is an important issue, which is why the American Civil Liberties Union has moved for leave to file an amicus brief if the amendment is allowed (ECF No. 76), but

it is strictly a question of law applied to undisputed facts. There will be no trial and it is thus unnecessary for the Court to set and enforce trial deadlines.

Before filing this motion, undersigned counsel repeatedly attempted to consult with opposing counsel, by email, telephone, and text message. Defense counsel refused to respond in any way. However, regardless of defense counsel's unresponsiveness, his client must consent to this motion, because she has moved for summary judgment and Plaintiff has conceded her argument. She therefore cannot oppose a motion to set aside deadlines for pretrial disclosures, motions in limine, pretrial briefs, or marking trial exhibits.

          Respectfully submitted,

          <u>s/Phillip D. Barber</u>
          Richard A. Harpootlian (Fed. ID No. 1730)
          Phillip D. Barber (Fed. ID No.12816)
          RICHARD A. HARPOOTLIAN, P.A.
          1410 Laurel Street (29201)
          Post Office Box 1090
          Columbia, SC 29201
          (803) 252-4848
          (803) 252-4810 (facsimile)
          rah@harpootlianlaw.com
          pdb@harpootlianlaw.com

          James M. Griffin, Fed. ID No. 1053
          Margaret N. Fox, Fed. ID No. 10576
          GRIFFIN DAVIS, LLC
          4408 Forest Dr., Suite 300 (29206)
          P.O. Box 999 (29202)
          Columbia, South Carolina
          (803) 744-0800
          jgriffin@griffindavislaw.com
          mfox@griffindavislaw.com

          ATTORNEYS FOR PLAINTIFF

January 12, 2023
Columbia, South Carolina