**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Richard Alexander Murdaugh, | ) | Civ. No. 3:22-cv-00608-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **VOLUNTARY DISMISSAL** |
| Defendant Washava Moye, in her official | ) | **WITHOUT PREJUDICE** |
| capacity as Interim Director Alvin S. | ) | |
| Glenn Detention Center, Richland | ) | |
| County Government, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Richard Alexander Murdaugh, through his undersigned attorneys, hereby moves pursuant to Rule 41(A)(2) of the Federal Rules of Civil Procedure for dismissal of this action without prejudice for lack of subject-matter jurisdiction. On March 2, 2023, Plaintiff was convicted of two counts of murder. The next day, he was sentenced to consecutive life sentences and remanded to the custody of the South Carolina Department of Corrections. He currently is incarcerated at the Kirkland Reception and Evaluation Center in Columbia, South Carolina.

Federal courts lack subject-matter jurisdiction over moot claims. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) ("A court is deprived of jurisdiction over a case when the case becomes moot."). In the operative complaint, the relief Plaintiff seeks from Richland County officials is "preliminary and permanent injunctive relief" prohibiting disclosure to the public of recordings of Plaintiff's telephone calls while he was a pretrial detainee in the custody of Richland County officials. Compl. ¶ 30. Plaintiff's claim for prospective relief is moot because he no longer is in the custody of Richland County officials. For that reason, Plaintiff no longer has a "personal stake" in the outcome of this litigation, and it must be dismissed as moot. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff

of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." (internal quotation marks omitted)). Any ruling on Defendant's pending motion for summary judgment would be an advisory opinion. *See Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162 (4th Cir. 2021) (noting any court ruling after a case becomes moot "would constitute an impermissible advisory opinion").

Plaintiff therefore moves the Court to dismiss this action without prejudice for lack of subject-matter jurisdiction.

           Respectfully submitted,

           s/Phillip D. Barber
           Richard A. Harpootlian (Fed. ID No. 1730)
           Phillip D. Barber (Fed. ID No.12816)
           RICHARD A. HARPOOTLIAN, P.A.
           1410 Laurel Street (29201)
           Post Office Box 1090
           Columbia, SC 29201
           (803) 252-4848
           (803) 252-4810 (facsimile)
           rah@harpootlianlaw.com
           pdb@harpootlianlaw.com

           James M. Griffin, Fed. ID No. 1053
           Margaret N. Fox, Fed. ID No. 10576
           GRIFFIN DAVIS, LLC
           4408 Forest Dr., Suite 300 (29206)
           P.O. Box 999 (29202)
           Columbia, South Carolina
           (803) 744-0800
           jgriffin@griffindavislaw.com
           mfox@griffindavislaw.com

           ATTORNEYS FOR PLAINTIFF

March 6, 2023
Columbia, South Carolina